IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RICHARD BERNARD STEPP,        §
    *Petitioner*,        §
        §
v.        §        Civil Action No. H-09-1014
        §
RICK THALER,        §
    *Respondent.*        §

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254 challenging his state court conviction. Respondent filed a motion for summary judgment (Docket Entry No. 15), to which petitioner responded (Docket Entry No. 20).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case for the reasons that follow.

## I.  PROCEDURAL BACKGROUND

Petitioner pleaded guilty to two counts of delivering a controlled substance less than one gram in a drug-free zone, and was sentenced to eighteen years imprisonment pursuant to a plea agreement. His direct appeal was dismissed for lack of jurisdiction based on waiver of appeal. *Stepp v. State*, No. 10-07-00162-CR (Tex. App. – Waco 2007, pet. ref'd) (not designated for publication). His state habeas application was denied by the Texas Court of Criminal Appeals. *Ex parte Stepp*, Application No. 45,547-03, at cover.

Petitioner raises the following grounds for habeas relief:

(1)     a fundamentally defective indictment;

(2)     prosecutorial vindictiveness and error;

(3)     an involuntary guilty plea;

(4)     ineffective assistance of trial counsel in

        (a)     coercing him to plead guilty;

        (b)     misinforming him of the punishment range;

        (c)     misinforming him of the criminal charges;

        (d)     obtaining untimely discovery evidence;

        (e)     failing to investigate an affirmative defense;

        (f)     failing to request an *ex parte* meeting with the trial judge;

        (g)     failing to file an interlocutory appeal;

        (h)     failing to file a proper motion for new trial.

Respondent argues these grounds fail as a matter of law.

## II.   THE APPLICABLE LEGAL STANDARDS

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28

U.S.C. §§ 2254(d)(1), (2).  A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent.  *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409.  In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable.  *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003).  A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

### III.  FUNDAMENTALLY DEFECTIVE INDICTMENT

Petitioner complains that his indictment was fundamentally defective under state law.

A claim for a fundamentally defective state indictment does not raise a federal constitutional issue for purposes of section 2254 relief unless it can be shown that the indictment was so defective that it deprived the state court of jurisdiction. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). The Fifth Circuit requires that a federal district court sitting in habeas review accord "due deference to the state court's interpretations of its own law that a defect of substance in an indictment does not deprive a state trial court of jurisdiction." *Id.* at 69. Thus, the question of whether an indictment is defective and confers jurisdiction on the state trial court is a matter of state law. *Id.*

In denying habeas relief, the trial court made the following relevant findings:

1.  Applicant has alleged no fact supported by the record which entitles him to relief.

2.  Applicant's grounds for relief have no basis in the record and are completely without merit.

*Ex parte Stepp*, p. 111. The Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief. *Ex parte Stepp*, at cover. The state court's denial of habeas relief constituted an adjudication of the merits of petitioner's claims. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999). As the state court impliedly found that the indictment did not deprive the trial court of jurisdiction, the issue cannot be revisited by this Court. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this claim.

4

## IV.  PROSECUTORIAL VINDICTIVENESS AND ERROR

Petitioner claims that his conviction was the result of prosecutorial vindictiveness in that the prosecutor:  threatened him with a harsher sentence; accelerated the trial; mislead him on the range of punishment; and selectively prosecuted him.  Each of these claims is discussed separately, below.

### A.     Threat of Harsher Sentence

Petitioner claims the prosecutor told him that, if petitioner proceeded with his motion to quash the indictment, he would "be given a harsher sentence and prosecuted as a Habitual Offender as charged in the indictment."  (Docket Entry No. 2, p. 4.)  In his affidavit submitted on state habeas review, the prosecutor responded to this claim as follows:

> [Petitioner] initially complains that I threatened him with a harsher sentence if he chose to go forward with the hearing on his Motion to Quash the Indictment.  As the indictment portrays, [petitioner] was charged with two counts of delivery of a controlled substance within a school zone, a third degree felony.  The indictment also contained an enhancement to habitual, as [petitioner] had previously been convicted of aggravated assault on a peace officer, a first degree felony, and possession with intent to deliver, a second degree felony.  As a result of this enhancement, [petitioner] was facing a sentencing range of 25-99 years or life if the jury convicted him of the offense as alleged in the indictment and answered true to the enhancement paragraphs.  My initial plea offer to [petitioner] was to waive one of the enhancement paragraphs so that his sentencing range was 2-20 years and agree to a sentence of 14 years, 11 years less than the minimum he was facing under the indictment.  In return, [petitioner] would plead guilty to the alleged offense, plead true to the first enhancement paragraph, and waive all pretrial hearings, and waive his right to appeal.  [Petitioner] was informed of the terms of the deal, but refused to waive his pretrial Motion to Quash.  I warned [him] that I would withdraw the plea offer if he insisted on going forward with the Motion to Quash.  Although I warned [him] that I would be withdrawing the plea offer if he chose to pursue the Motion to Quash, I never threatened him

5

in any way.  However, [petitioner] insisted that he wished to go forward with the hearing[.]

My initial plea offer was withdrawn immediately prior to the Motion to Quash hearing.  After the hearing, the judge denied the Motion to Quash.  The morning of trial, [petitioner] requested a new plea deal.  As a result of the time and effort I had given in preparing the case for trial and preparing for the Motion to Quash, my second plea offer was identical to the initial plea offer, other than an increase in sentence to 18 years.  This sentence was still 7 years less than the minimum he was facing if the jury found [him] guilty of the offense as alleged in the indictment, and found both enhancement paragraphs to be true.  Facing a minimum of 25 years, [petitioner] accepted the plea offer.

*Ex parte Stepp*, pp. 75-76 (record citations omitted).

In denying habeas relief, the trial court made the following relevant findings:

1.     Applicant has alleged no fact supported by the record which entitles him to relief.

2.     Applicant's grounds for relief have no basis in the record and are completely without merit.

*Id.*, p. 111.  In making these findings, the trial court expressly considered the habeas application and the State's original answer, including the prosecutor's affidavit.  *Id.*  The Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief. *Id.*, at cover.

The record shows that the prosecutor made an initial plea offer to petitioner, contingent on petitioner waiving pretrial motions.  Petitioner did not accept this initial offer, and it was withdrawn.  Petitioner later requested, and received, a second plea bargain offer, which he did accept.  The State's plea offers were within the punishment range of the offense and enhancements in the indictment, and there were no threats to "give" petitioner a harsher

sentence.  Even had the prosecutor threatened to seek a more serious charge in the event that the plea offer were rejected, the Supreme Court has long recognized that this would not violate due process.  *Bordenkircher v. Hayes*, 434 U.S. 357, 364-65 (1978) (finding no due process violation when a state prosecutor carries out a threat made during plea negotiations to have a defendant re-indicted on more serious but plainly viable charges if he does not plead guilty under the original indictment).  *See also Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) ("It is clear that due process is not violated when a state prosecutor exercises his discretion and charges a defendant as a habitual offender for refusing a plea bargain.").

The state court denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this claim.

B.    Accelerated Trial Date

Petitioner claims that, because he rejected the prosecution's initial plea offer, the prosecutor took steps to accelerate the trial date.  Petitioner presents no probative summary judgment evidence in support of this claim, and the claim is refuted by the prosecutor's following affidavit testimony:

> [Petitioner] next complains that I accelerated his trial date as a result of him deciding to pursue the Motion to Quash. [Petitioner's] hearing on his Motion to Quash occurred during the final pretrial hearing on February 2, 2007.  Prior to that hearing date, trial was already scheduled for February 5, 2007.  The

date of trial was scheduled by the 272nd court coordinator, and not by myself
or anyone in my office.

*Ex parte Stepp*, pp. 76-77.

In denying habeas relief, the trial court made the following relevant findings:

1.   Applicant has alleged no fact supported by the record which entitles
     him to relief.

2.   Applicant's grounds for relief have no basis in the record and are
     completely without merit.

*Id.*, p. 111.   In making these findings, the trial court expressly considered the habeas

application and the State's original answer, including the prosecutor's affidavit.  *Id*.  The

Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief.

*Id.*, at cover.

Petitioner fails to show that the state court's determination was contrary to, or

involved an unreasonable application of, federal law or was an unreasonable determination

of the facts based on the evidence in the record.  Respondent is entitled to summary judgment

under this claim.

C.   <u>Range of Punishment</u>

Under this argument, petitioner claims that the prosecutor "verbally mislead [him] on

the range of punishment for offense committed in plea agreement of conviction" and

improperly added "to the side of plea agreement 'in a drug free zone' that was not written

upon the original signing of said plea agreement." (Docket Entry No. 1, p. 7.)  In responding to this claim on state habeas review, the prosecutor testified in his affidavit as follows:

> [Petitioner] next complains that I verbally mislead him as to the punishment range I was offering.  As the transcript from the plea agreement demonstrates, [petitioner] was aware prior to entering his plea that his potential range of punishment was 2-20 years if the prosecution waived the second enhancement paragraph.  Furthermore, the plea agreement Applicant signed stipulated that he was agreeing to plead guilty to counts one and two of the indictment which included the drug free zone finding, as well as pleading true to the enhancement paragraph in exchange for an 18 year sentence.  Applicant viewed the plea agreement and confirmed that the terms contained therein were accurate immediately prior to its introduction into evidence.  Therefore, [he] was not misled as to the actual term he was agreeing to serve in prison.

*Id.*, p. 76 (record citations omitted).

In denying habeas relief, the trial court made the following relevant findings:

1.  Applicant has alleged no fact supported by the record which entitles him to relief.

2.  Applicant's grounds for relief have no basis in the record and are completely without merit.

*Id.*, p. 111.  In making these findings, the trial court expressly considered the habeas application and the State's original answer, including the guilty plea hearing transcript and the prosecutor's affidavit.  *Id.*  The Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief.  *Id.*, at cover.

At the guilty plea hearing, petitioner acknowledged that he was the same person who was "accused of delivery of a controlled substance, [Penalty] Group 1, in an amount less than 1 gram in a drug-free zone."  *Id.*, p. 89.  The trial court asked petitioner to review the State's Exhibit No. 2, which reflected the handwritten terms, "Delivery in Drug Free Zone of

9

Controlled Substance PG[] < 1 gram," "18 years ID-TDCJ in Count 1 and Count 2," and "Plea of true on Enhancement Paragraph #1."  *Id*., p. 85.  Petitioner agreed that he had read and signed the document, and that it represented the plea agreement.  *Id*., p. 93.  The trial court approved the agreement.  *Id*., p. 94.  The record does not show that the document was altered in any manner following the hearing, or that the prosecutor unilaterally added "in Drug Free Zone" after it was signed by petitioner and approved by the trial court.

The state court denied habeas relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment under this claim.

D.    Selective Prosecution

Under this ground, petitioner claims that the prosecutor "violated equal protection laws to discriminate and profile defendants of a particular race."  (Docket Entry No. 1, p. 7.)  Specifically, he asserts that the prosecutor "is a black male" who "prosecuted and discriminated against [petitioner] and other black defendants" and "denied [petitioner] law administered through the Brazos County Courts of Justice being (sic) applied to all other similar situated persons or defendants as him with under a gram charges."  *Id*.

In responding to this claim on state habeas review, the prosecutor testified by affidavit as follows:

Finally, [petitioner] alleges that my plea offers to African-American defendants are significantly higher than similar offers given to other African-American defendants by other white male prosecutors in the Brazos County

10

District Attorney's Office. [Petitioner] then lists numerous black defendants who he claims received better plea offers in different courts in Brazos County. First, in our office each prosecutor is free to make appropriate plea offers independently of other prosecutors. As such, plea offers sometimes marginally differ among prosecutors in similar cases. Second, each of the cases [petitioner] cites as receiving a lesser plea than what he was offered were offered such a lesser plea because either their possession was not in a drug free zone or because they did not have the severe criminal history that [petitioner] possessed. I have never made a greater or lesser plea offer based on a defendant's race. In the instant case, my offer of 18 years, 7 years less than the minimum he was facing under the indictment, was a fair offer considering the offenses alleged and [petitioner's] prior criminal history.

*Ex parte Stepp*, p. 77.

In denying habeas relief, the trial court made the following relevant findings:

1. Applicant has alleged no fact supported by the record which entitles him to relief.

2. Applicant's grounds for relief have no basis in the record and are completely without merit.

*Id.*, p. 111. In making these findings, the trial court expressly considered the habeas application and the State's original answer, including the prosecutor's affidavit. *Id.* The Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief. *Id.*, at cover.

Petitioner fails to present probative summary judgment evidence establishing that the prosecutor denied him equal protection regarding the plea agreement. Petitioner presents no probative summary judgment evidence establishing that the prosecutor would have offered a non-African American defendant a less-harsh sentence under the exact same circumstances of this case, or that the prosecutor offered him a harsher sentence than would be offered to

a non-African American defendant under the exact same circumstances.  *See Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir. 1997).

The state court denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this claim.

## V.   INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance.  *Id.* at 687.  The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.  In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy.  *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996).

To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id*.

To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered involuntary by showing that counsel's representation fell below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

A.   <u>Coerced Guilty Plea</u>

Petitioner claims that trial counsel was ineffective in "coercing and compelling [petitioner] to sign a plea bargain he didn't agree with." (Docket Entry No. 1, p. 12.)

13

In his affidavit submitted to the trial court on collateral review, trial counsel testified,

in relevant part, as follows:

> During my representation of Applicant, we met approximately 10-12 times at the Brazos County Jail and Court to talk about possible trial and pretrial strategies, as well as plea offers given by the prosecutor[.]  These meetings averaged about 20-30 minutes in length.  During these meetings, Applicant indicated that he was not interested in going to trial, but felt that the enhancement paragraph was incorrect as he believed current law established that he could not be enhanced past a second-degree felony.  Specifically, Applicant believed that the State was not entitled to enhance the State Jail Felony he was accused of to a third-degree felony and then enhance the third-degree felony to habitual status using his two prior felony convictions.  I informed Applicant that after thorough research, I did not believe the current case law supported his assertion.  However, he insisted on pursuing this belief through a Motion to Quash.  At his insistence, I filed the Motion to Quash.  I also prepared for trial by conducting an independent investigation into whether Applicant was actually within a drug-free zone.  I discovered that Applicant was in fact within a drug-free zone during the instant offense.
>
> [The State's] initial plea offer in the instant case was 14 years.  However, prior to the Motion to Quash hearing, [the prosecutor] stated that if Applicant insisted on pursuing the Motion to Quash, the 14 year offer would be off the table.  I warned Applicant that if the judge denied his motion and we proceeded to trial, he would be facing a minimum of 25 years.  Furthermore, I also told Applicant that based on my prior experience with juries in Brazos County, I believed his prior convictions, including a prior conviction for possession with intent to deliver out of the same house, would likely cause a jury to give him a minimum of 35 years in prison.  Furthermore, I told him I believed there was a large chance he could receive a sentence in excess of 55 years.  However, Applicant still insisted on going forward with the hearing, as he was confident the judge would rule in his favor and quash the indictment.
>
> The week before trial, Applicant's case was 15th on the docket.  During final pretrial on Thursday, February 1, 2007, several attorneys assigned to cases earlier on the docket indicated that they were not ready for trial.  As a result, [The prosecutor] suggested that Applicant's case, since it would require few witnesses, would likely be ready for trial.  [The trial judge] asked me if I would be prepared to go to trial on Applicant's case on Monday, February 5, 2007.  I stated I would be, and was placed third on the trial docket.  [The

14

judge] then asked whether we had any outstanding motions for the court to hear.  I reminded the court that we still had a pending Motion to Quash.  A hearing on the Motion to Quash was then held.  At the end of the hearing, Applicant's motion was denied.

The morning of trial, the two cases on the docket before us were pled out and we were scheduled to proceed to trial.  Applicant then asked whether he could accept the prosecutor's prior 14 year offer,  I reminded Applicant that the prior plea offer was off the table due to us pursuing the Motion to Quash.  Applicant then requested to talk to the trial judge and [the prosecutor] and explain the facts of the case.  I informed Applicant that I did not believe it would be a good idea for him to explain the facts of the case to the judge, but that I would see if [the prosecutor] was willing to talk with him. [The prosecutor] agreed to talk to Applicant in my presence.

[The prosecutor], Applicant, and I met in the jury room at Applicant's request prior to the start of trial.  Applicant asked [the prosecutor] for another plea deal.  Initially, [he] only offered 20 years.  However, after several minutes of negotiating, [the prosecutor] offered to waive one of the enhancement paragraphs and agreed to offer 18 years – 7 years less than the minimum Applicant was facing under the indictment – if Applicant pled guilty to the offense as alleged in the indictment and pled true to the first enhancement paragraph.  After the agreement was reached, Applicant signed the plea agreement and pled guilty to the judge.  During the plea hearing, Applicant took the stand and testified that he was pleased with my representation, was happy with the plea offer he received, and was freely and voluntarily pleading guilty to the instant offense.

Applicant alleges that I coerced him into pleading guilty in the instant offense.  However, the transcript of the plea hearing does not support such an assertion.  The transcript of Applicant's plea of guilty shows that Applicant understood the charges, knowingly and intelligently waived his rights, including that of a jury trial, was pleased with the plea offer, and requested that the trial judge assess punishment.

*Ex parte Stepp*, pp. 79-81.  Counsel's affidavit testimony is confirmed by the plea hearing

transcript, which shows the following exchange between trial counsel and petitioner:

TRIAL COUNSEL: Richard, you understand that – that, you know, once you get over to T.D.C., there's going to be a lot of guys over

|  | there that may have said, you know, you got a bad deal in terms of what your attorney got for you.  I just want you to put on the record that you are happy and satisfied, you thought that the job that I did as your attorney was satisfactory and that I met your expectations. |
|---|---|
| PETITIONER: | Yes, sir.  [Trial counsel] done a fine job, sir. |

*   *   *   *

|  |  |
|---|---|
| THE COURT: | Any questions, sir? |
| PETITIONER: | No, sir. |

*Id.*, p. 94.

In denying habeas relief, the trial court made the following relevant findings:

4.    As to Applicant's claim of ineffective assistance, Applicant failed to show deficient performance, much less harm, in the following areas: . . . (5) the allegation that counsel coerced and compelled Applicant to sign the plea agreement[.]

5.    [Trial counsel] provided the effective assistance of counsel in the instant cause; the record shows that counsel's actions were based on reasonable strategy or tactic.

*Id.*, p. 111.  In making these findings, the trial court expressly considered the habeas application and the State's original answer, including the guilty plea hearing transcript and trial counsel's affidavit.  *Id.*  The Texas Court of Criminal Appeals expressly relied on the trial court's findings in denying habeas relief.  *Id.*, at cover.

Further, the trial court independently assessed the record for purposes of certifying that petitioner had no right to appeal, and specifically found that petitioner's guilty plea was made knowingly, voluntarily, and intelligently:

16

1.    On February 5, 2007, the defendant plead guilty, in both count one and count two, to the offense of Delivery of a Controlled Substance in a drug free zone (under 1 gram).

\*    \*    \*    \*    \*

5.    This Court finds that the defendant plead guilty knowingly, voluntarily, and intelligently.

Supplemental Clerk's Record at 19-20 (record citations omitted).  Petitioner's conclusory allegations of coercion are unsupported in the record and insufficient to raise a genuine issue of material fact precluding summary judgment.

The state court denied relief under this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this claim.

B.    Claims Waived by Plea Agreement

A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea, including claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea.  *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981).  This Court determined above that trial counsel did not coerce petitioner to plead guilty.  Thus, to the extent petitioner complains here that counsel's pretrial discovery was untimely; that counsel failed to pursue an affirmative defense or arrange an *ex parte* meeting with the trial judge; and that counsel failed to pursue an interlocutory appeal of the

17

denial of his motion to quash, the claims are non-jurisdictional and were waived by the plea.

*See United States v. Broce*, 488 U.S. 563, 573-74 (1989).

      C.      <u>Improper Charge and Punishment Range</u>

Petitioner asserts that trial counsel improperly advised him as to the pending charges and punishment range.  To the extent petitioner raises these arguments in context of an involuntary guilty plea, his claims are refuted by the record.  In responding to these arguments on state habeas review, trial counsel testified in his affidavit as follows:

> Applicant also claims that I incorrectly told him he was facing 25-99 years if convicted of the instant offense and incorrectly informed him of the charges against him.  I informed Applicant during our meetings prior to trial that he was charged with delivery of a controlled substance, penalty group one, within a drug fee zone, a third degree felony. Furthermore, I also informed Applicant that since he had previously been convicted of two felonies, the prosecution sought to have him enhanced to habitual status, carrying a punishment range of 25-99 years.  During my visits with Applicant, we discussed at length the charges against him as well as the enhancements of the drug free zone and the two previous felony convictions.  Applicant and I also discussed challenging the combination of the drug free zone and previous conviction enhancements through a Motion to Quash.  I explained that if the Motion to Quash succeeded, Applicant would face 2-20 years in prison and if it was denied Applicant would again face 25-99 years.

*Ex parte Stepp*, pp. 81-82 (citations omitted).

In denying habeas relief, the trial court made the following relevant findings:

> 4.      As to Applicant's claim of ineffective assistance, Applicant failed to show deficient performance, much less harm, in the following areas: (1) the alleged failure to give the correct range of punishment or notice of the correct charge[.]

5.      [Trial counsel] provided the effective assistance of counsel in the instant cause; the record shows that counsel's actions were based on reasonable strategy or tactic.

*Id.*, p. 111.   In making these findings, the trial court expressly considered the habeas application and the State's original answer, including the guilty plea hearing transcript and trial counsel's affidavit.  *Id.*   The Texas Court of Criminal Appeals expressly relied on the trial court's findings in denying habeas relief.  *Id.*, at cover.

Regardless, the trial court admonished petitioner as to the charges and range of punishment at the hearing prior to accepting petitioner's guilty plea:

THE COURT:      Are you Richard Stepp?

PETITIONER:      Yes, sir.

THE COURT:      Are you the same person that's accused of delivery of a controlled substance, [Penalty] Group 1, in an amount less than 1 gram in a drug-free zone?

PETITIONER:      Yes, sir.

*Ex parte Stepp*, p. 89.

THE COURT:      Do you understand that these allegations as pled, after the waivers, are punishable at the second-degree felony punishment level?  Do you understand that?

PETITIONER:      Yes, sir.

THE COURT:      That means that they are punishable by confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of not less than two years or more than 20 years –

PETITIONER:      Yes, sir.

> THE COURT:    – and a fine not to exceed $10,000.  Do you understand that?
>
> PETITIONER:   Yes, sir.

*Id*., pp. 91-92.  After admonishing petitioner, the trial court accepted petitioner's guilty plea and sentenced him to eighteen years imprisonment pursuant to the plea agreement.

Petitioner fails to show that counsel's information regarding his charges and punishment range were incorrect under state law, and neither deficient performance nor prejudice are shown.  He further fails to show that, but for counsel's error, he would have not pleaded guilty and would have insisted on proceeding to trial.

The state court denied relief under this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this claim.

D.    Failure to File Motion for New Trial

Petitioner complains that trial counsel failed to file a motion for new trial.  In responding to this claim on state habeas review, trial counsel testified in his affidavit as follows:

> Finally, Applicant complains that I failed to properly file a Motion for New Trial.  After Applicant's plea, he requested that I file a Motion for New Trial.  I did not feel that there were sufficient grounds for a Motion for New Trial.  However, Applicant insisted that one be filed.  I consulted with several other attorneys about whether to file a Motion for New Trial on Applicant's plea.  An attorney I consulted with suggested I file a Motion for New Trial alleging that the verdict was contrary to the law and evidence in the case, so I followed his advice and did so.

20

*Ex parte Stepp*, p. 83.  The trial court denied relief on this issue, expressly finding that:

4.      As to Applicant's claim of ineffective assistance, Applicant failed to show deficient performance, much less harm, in the following areas: . . . . (7) the alleged failure to properly file a motion for new trial.

5.      [Trial counsel] provided the effective assistance of counsel in the instant cause; the record shows that counsel's actions were based on reasonable strategy or tactic.

*Id.*, p. 111.  In making these findings, the trial court expressly considered the habeas application and the State's original answer, including the guilty plea hearing transcript and trial counsel's affidavit.  *Id.*  The Texas Court of Criminal Appeals relied on the trial court's findings in denying habeas relief.  *Id.*, at cover.

Trial counsel's decision regarding the motion for new trial was made in the exercise of professional judgment based on his analysis of the relevant law and facts.  Petitioner does not show that, if pursued, the requested motion for new trial would have been granted.  Trial counsel is not ineffective in failing to raise meritless arguments or file futile motions.  *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

The state court denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this claim.

## VI.  INVOLUNTARY GUILTY PLEA

21

In addition to his claim that trial counsel coerced him to plead guilty, petitioner asserts that his guilty plea was involuntary because of counsel's ineffectiveness and the prosecutor's vindictiveness, threats, and misrepresentations.  In short, petitioner argues that, because of all of his asserted errors surrounding his guilty plea, the plea must be set aside.

This Court has already addressed petitioner's assertions of ineffective assistance and prosecutorial error and vindictiveness, and found them to be without merit.  The Court has further found that the trial court's findings regarding petitioner's habeas claims, and its independent findings regarding the voluntariness of the plea, did not involve an unreasonable application of federal law and were not unreasonable determinations of the facts based on the evidence in the record.  Petitioner has not rebutted the presumed correctness of the state court's findings by clear and convincing evidence.  Accordingly, respondent is entitled to summary judgment dismissing petitioner's claim that his plea was involuntary.

## VII.   MOTION TO SUPPLEMENT WITH "NEW" TESTIMONY

Four months after petitioner submitted his response to the instant motion for summary judgment, he filed a motion for leave of court, seeking to file a new affidavit of his own statements regarding ineffective assistance of trial counsel.  (Docket Entry No. 25.)  In the affidavit, petitioner claims that, on or about October 18, 2006, trial counsel visited him at jail and handed him a slip of paper with measurements showing that the actual location of the subject drug transaction reduced it to a second degree felony.

This affidavit, dated February 3, 2010, makes factual assertions that were within petitioner's personal knowledge nearly three and one-half years ago, yet was not provided

to the state courts on collateral review and forms no part of the state court record before this Court.  Furthermore, petitioner's attempt to insert these allegations into the record at this late juncture is untimely and unjustified.  The motion to supplement the record and/or petitioner's response to include this affidavit (Docket Entry No. 25) is **DENIED**.


## VIII.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 15) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.  A certificate of appealability is **DENIED**.  Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

**SIGNED** at Houston, Texas, on this the 10th day of March, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE